UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAHIN GABAYZADEH, as Trustee for and of
The DIANE GABAYZADEH TRUST, The
DEBORAH GABAYZADEH TRUST, and The
JOHN GABAYZADEH U.T.M.A. TRUST,

                                Plaintiffs,          MEMORANDUM
                                                  OPINION AND ORDER
    -against-
                                                  CV 08-3239 (JFB) (ETB)[1]

RUSSELL C. TAYLOR, STEVEN C.
CATALFAMO, KIMBERLY-CLARK
CORPORATION, CELLU TISSUE HOLDINGS,
INC., and CHARTERHOUSE GROUP
INTERNATIONAL, INC.,

                                  Defendants.
----------------------------------------------------------------X

Before the court is the application of the pro se plaintiff, Mahin Gabayzadeh, as Trustee of the Diane Gabayzadeh Trust, the Deborah Gabayzadeh Trust, and the John Gabayzadeh U.T.M.A. Trust (the "Trusts"), to disqualify Proskauer Rose LLP, counsel for Charterhouse Group International, Inc., from participating in the within litigation. For the following reasons, plaintiff's motion is denied.

FACTS

Plaintiff brings this action against defendants Russell Taylor ("Taylor"), Steven Catalfamo ("Catalfamo"), Kimberly-Clark Corporation, Cellu Tissue Holdings, Inc. ("Cellu

---

[1] The Court is grateful for the assistance of Fei Wang, a summer intern and first-year law student at Northwestern University School of Law, for her assistance in the preparation of this Memorandum Opinion and Order.

-1-

Tissue") and Charterhouse Group International, Inc. ("Charterhouse"), complaining of fraud and conspiracy in the acquisition of a facility located in Neenah, Wisconsin (the "Neenah facility") by Cellu Tissue as part of the bankruptcy proceedings of American Tissue, Inc. ("American Tissue"), who is not a party to this action. (Compl. ¶ 30.) Proskauer Rose LLP ("Proskauer"), counsel for defendant Charterhouse[2] in the within action, represented Cellu Tissue, the buyer of the Neenah facility, in the underlying acquisition. (Pl.'s Mot. to Disqualify ¶ 7, Ex. A; Smith Decl., Oct. 31, 2008, ¶ 2.)

Specifically, in 2002, Proskauer represented Cellu Tissue for the months prior to the acquisition of the Neenah facility and in connection with American Tissue's bankruptcy proceedings. (Pl.'s Mot. to Disqualify ¶¶ 7-8, Ex. A.) As counsel for Cellu Tissue, Proskauer prepared the "Asset Purchase Agreement" in connection with the acquisition of the Neenah facility.[3] (Pl.'s Mot. to Disqualify ¶ 7, Ex. A.) Plaintiff alleges that in July 2002, Proskauer improperly negotiated a gross $17 Million sales price by including in that amount various assets that were not part of the bankruptcy estate. (Pl.'s Mot. to Disqualify ¶15-22, Ex. I-M.) Plaintiff further alleges that Proskauer corresponded with the defendants several times, via email, during the acquisition process. (Pl.'s Mot. to Disqualify ¶ 11-13, Ex. E-G.)

---

[2] Plaintiff alleges that Charterhouse participated in a conspiracy with the other defendants to fraudulently seize control of the Neenah facility to the enrichment of the defendants, (compl. ¶ 34), and that, as a result, the Trusts that plaintiff seeks to represent suffered a severe loss of equity in the approximate amount of $5.85 Million, or approximately $125 Million dollars below the then current appraised liquidation value of the Neenah facility. (Id. ¶ 38.)

[3] There were four Proskauer attorneys who represented Cellu Tissue in connection with the acquisition - Stephen W. Rubin, Lisa A. Chiappetta, Jack B. Spizz and Scott Rutsky. (Smith Decl., Oct. 31, 2008, ¶ 3.)

Plaintiff asserts that since Proskauer is "privy to information that is . . . central to[] the fraudulent acts complained of," (Pl.'s Mot. Disqualify ¶ 27), and because Proskauer was "either a participant in the illegal conspiracy to subvert the Anti-Trust laws, or was an aider and abettor of those acts," (id. ¶ 28), plaintiff intends to demand discovery from the firm, and may include the firm and/or one or more of its members or employees as defendants, if necessary. (Id. ¶¶ 29-30). Plaintiff therefore seeks the disqualification of all members and employees of Proskauer from participating as counsel for defendant Charterhouse in this case.

## DISCUSSION

I.  Legal Standard

"[T]he disqualification of an attorney upon the motion of an adversary is a serious sanction that ought not to be imposed lightly." Sea Tow Int'l, Inc. v. Pontin, No. CV-06-3461, 2007 WL 4180679, at *1 (E.D.N.Y. Nov. 19, 2007) (quoting Shabbir v. Pakistan Int'l Airlines, 443 F. Supp. 2d 299, 304 (E.D.N.Y. 2005)). Indeed, it is well-established that "[m]otions to disqualify opposing counsel are viewed with disfavor in this Circuit because they are 'often interposed for tactical reasons' and result in unnecessary delay." Bennett Silvershein Assoc. v. Furman, 776 F. Supp. 800, 802 (S.D.N.Y. 1991) (quoting U.S. Football League v. Nat'l Football League, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985)). The Second Circuit has "been loathe to separate a client from his chosen attorney," Bohack Corp. v. Gulf & Western Indus., Inc., 607 F.2d 258, 263 (2d Cir. 1979), noting that "[t]he delay and additional expense created by substitution of counsel is a factor to which [it has] attached considerable significance . . . . " Id. (citing Lefrak v. Arabian Am. Oil Co., 527 F.2d 1136, 1138-40 (2d Cir. 1975)). Although any

doubts are to be resolved in favor of disqualification, see Cheng v. GAF Corp., 631 F.2d 1052, 1059 (2d Cir. 1980), vacated on other grounds and remanded, 450 U.S. 903 (1981), the party seeking disqualification bears a "heavy burden" of demonstrating that disqualification is warranted. See Evans v. Artek, 715 F.2d 788, 794 (2d Cir. 1983) (citing Government of India v. Cook Indus. Inc., 569 F.2d 737, 739 (2d Cir. 1978)).

"The objective of the disqualification rule is to 'preserve the integrity of the adversary process.'" Evans, 715 F.2d at 791 (quoting Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)). In deciding a motion to disqualify counsel, the court must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Government of India, 569 F.2d at 739).

The decision to disqualify counsel is committed to the sound discretion of the district court. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). Nonetheless, "[r]ecognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice," Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981), the Second Circuit has instructed that disqualification should only be imposed upon a finding that the presence of a particular attorney "poses a significant risk of trial taint." Id.; see also Bottaro v. Hatton Assoc., 680 F.2d 895, 896 (2d Cir. 1982) (citing Nyquist, 590 F.2d at 1246). "Where the threat of tainting the trial does not exist . . . the litigation should proceed, the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar." Bottaro, 680 F.2d at 896-97 (citing Armstrong v. McAlpin, 625 F.2d 433, 444 (2d Cir. 1980), vacated on other grounds and remanded, 449 U.S. 1106 (1981)).

"When deciding a motion to disqualify an attorney, federal district courts in New York consider various sources of law, including the ABA Model Rules of Professional Conduct, the ABA Model Code of Professional Responsibility, and the New York Code of Professional Responsibility." Blue Planet Software, Inc. v. Games Int'l, LLC, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004) (citing Regal Mktg, Inc. v. Sonny & Son Produce Corp., No. 01 Civ. 1911, 2002 WL 1788026, at *4 (S.D.N.Y. Aug. 1, 2002)). However, "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, 409 F.3d at 132 (citing Nyquist, 590 F.2d at 1246).

II.  Plaintiff Cannot Represent the Trusts Pro Se

As an initial matter, the pro se plaintiff is not permitted to bring this action, let alone move to disqualify opposing counsel, on behalf of the Trusts she purports to represent. Both federal and New York law "prohibits the practice of law . . . on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney." In re Welsh, 860 N.Y.S.2d 639, 640 (3d Dep't. 2008) (quoting People ex rel. Field v. Cronshaw, 526 N.Y.S.2d 579, 579 (2d Dep't 1988)); see also N.Y. Judiciary Law §§ 478, 484. "[A]ppearance pro se denotes (in law [L]atin) the appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). Other courts that have addressed this issue have held that a non-attorney trustee may not represent a trust pro se. See, e.g., Hale Joy Trust v. Comm'r of I.R.S., 57 Fed. Appx. 323, 324 (9th Cir. 2003) (holding that "[a] non-attorney trustee may not represent a trust pro se in an

Article III court"); Knoefler v. United Bank of Bismark, 20 F.3d 247, 348 (8th Cir. 1994) (holding that "a nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States"); see also Kahn v. Gee Broadcasting, Inc., No. 07-CV-1370, 2007 U.S. Dist. LEXIS 29390, at *3 (E.D.N.Y. Apr. 19, 2007) ("A pro se plaintiff may not represent the interests of another individual or corporate entity in a civil proceeding.").[4]

Based on the foregoing, the law clearly prohibits the plaintiff from representing the Trusts herein because she is not a licensed attorney authorized to practice law in this court. For this reason alone, the within motion to disqualify must fail. However, the court will nonetheless

---

[4] While some courts have held that the appearance of a corporate entity pro se is "at all times a nullity," Frayler v. N.Y. Stock Exchange, Inc., 118 F. Supp. 2d 448, 450 n.2 (S.D.N.Y. 2000); see also Galt v. Sealand Serv., Inc., No. 87-CV-1038, 1989 U.S. Dist. LEXIS 7018, at *1-2 (N.D.N.Y. June 12, 1989) ("The pro se appearance by an officer of a corporation is a nullity inasmuch as a corporation . . . may sue and be sued only through the agency of an attorney."), there is nothing in 28 U.S.C. § 1654 that declares the commencement of an action by a corporate entity acting pro se to be "void ab initio." See In re Interiors of Yesterday, LLC, 284 B.R. 19, 25 (Bankr. D. Conn. 2002) (determining by relying, in part, on 28 U.S.C. § 1654, that voluntary bankruptcy petition by an artificial entity appearing pro se was not "void ab initio"). Although the general rule is "to dismiss any action or motion filed by a corporation purporting to act pro se," Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006); Oberstein v. Sunpower Corp., No. 07-CV-1155, 2008 U.S. Dist. LEXIS 16937, at *6 (E.D.N.Y. Mar. 5, 2008); Grace v. Rosenstock, No. 85-CV-2039, 2004 U.S. Dist. LEXIS 29654, at *20 (E.D.N.Y. Oct. 4, 2004), some courts have permitted the corporate entity additional time to obtain counsel in lieu of a dismissal with prejudice. See, e.g., Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam) (denying limited liability company's appeal without prejudice and allowing it forty-five days to obtain counsel); Jones v. Niagra Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983) (affirming district court's dismissal of pro se corporation's complaint unless corporation obtained counsel within forty-five days); Sharp v. Bivona, 304 F. Supp. 2d 357, 365 (E.D.N.Y. 2004) (affording corporate pro se plaintiff thirty days to obtain counsel and noting that failure to do so would result in dismissal). In the within action, however, permitting plaintiff time to obtain counsel to appear on behalf of the Trusts she purports to represent pro se would be an exercise in futility since the claims she seeks to assert fail as a matter of law, as discussed in the accompanying Report and Recommendation with respect to defendants' motion to dismiss, issued this same date.

consider the merits of the motion, as discussed below.

III.     Disqualification Under the Witness-Advocate Rule

Plaintiff's first ground for disqualification is that she anticipates calling certain Proskauer attorneys to testify at trial concerning the drafting of the "Asset Purchase Agreement" and the decision to include various assets in the schedules to that agreement. (Pl's Mot. to Disqualify ¶¶ 10-17.) Accordingly, plaintiff asserts that Proskauer should be disqualified under the "witness-advocate" rule.

On April 1, 2009, subsequent to the filing of the within motion, the New York Rules of Professional Conduct (the "Rules") became effective, superseding the New York Code of Professional Responsibility (the "Code"). See N.Y. Comp. Codes R. & Regs. tit. 22, § 1200 et seq. The new Rules dispense with the Disciplinary Rules (the "DR's") of the New York Code, thereby abandoning the format of the ABA Model Code of Professional Responsibility. Roy Simon, Comparing the New NY Rules of Professional Conduct to the NY Code of Professional Responsibility, http://www.nyprr.com/New-NY-Rules-of-Professional-Conduct.php. However, the new Rules "maintain much of the same language and substance of the . . . [Code], drawing on both the Disciplinary Rules and the Ethical Considerations." Id. The witness-advocate rule, embodied in Rule 3.7, is substantially the same under both the Rules and the Code - the only differences being largely stylistic - and therefore, cases decided under the former Code are applicable to the motion herein.[5]

---

[5] Since the new Rules were enacted in April 2009, there are few cases interpreting them. Rather, other courts to confront this issue recently have applied the former Code to the disqualification issue before them. See, e.g., Tradewinds Airlines, Inc. v. Soros, No.08 Civ.

Rule 3.7 of the New York Rules of Professional Conduct - former Disciplinary Rule 5-102 ("DR 5-102") - pertains to situations in which lawyers may be called as witnesses, commonly referred to as the 'witness-advocate' or 'advocate-witness' rule." Sea Tow, 2007 WL 4180679, at *2.  Under this Rule, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact," except in certain enumerated circumstances.  N.Y. Comp. Codes R. & Regs., tit. 22, § 1200.29.  New York courts have interpreted this provision to require disqualification "only when it is likely that the testimony to be given by the witness is necessary."  S & S Hotel Ventures Ltd. P'Ship v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46 (1987) (interpreting former DR 5-102(a)).[6]

In the within action, there were four Proskauer attorneys who performed legal work on behalf of Cellu in connection with the acquisition: Stephen W. Rubin, Lisa A. Chiappetta, Jack B. Spizz and Scott K. Rutsky.  (Smith Decl., ¶ 3.)  Among those four, Ms. Chiappetta and Mr. Spizz are no longer employed by Proskauer.  (Id. ¶ 4.)  Although Messrs. Rubin and Rutsky are currently members of the firm, both are corporate partners, not litigators, and neither will play any role as an advocate in the trial of this action.  (Id. ¶ 5.)  Rather, Joanna F. Smith and Peter

---

5901, 2009 U.S. Dist. LEXIS 40689, at *12 n.3 (S.D.N.Y. May 20, 2009) (applying former New York Code of Professional Responsibility to defendant's motion to disqualify "because it applied at the time of the conduct at issue"); Skyline Travel, Inc. v. Skylink Travel, Inc., No. 08 Civ. 991, 2009 U.S. Dist. LEXIS 39717, at *5-6 (S.D.N.Y. Apr. 23, 2009) (applying former New York Code of Professional Responsibility to disqualification motion).  Here, whether the Code or the Rules are applied, the result is the same.

[6] Instead of relying on the New York ethical rules, the plaintiff cites to ABA Model Rule 3.7(a) to support her position.  (Pl.'s Mem. of Law in Supp. of Mot. to Disqualify 3.)  Model Rule 3.7(a), which provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness," A.B.A. Model Rules of Prof'l Conduct, R. 3.7(a) (6th ed. 2007), is analogous to New York Rule of Professional Conduct 3.7 and former DR 5-102(a).

J.W. Sherwin are the attorneys acting as litigation counsel to Charterhouse in this action. (Id. ¶ 6.) Neither Ms. Smith nor Mr. Sherwin had any role in the representation of Cellu Tissue in the acquisition of the Neenah facility at issue herein. (Id.) Accordingly, assuming arguendo relevance and the absence of any privilege, it is obvious that the only Proskauer attorneys that the plaintiff may call as witnesses are Messrs Rubin and Rutsky, not Charterhouse's attorneys in the current action, Ms. Smith and Mr. Sherwin. Since Ms. Smith and Mr. Sherwin did not participate in any way in the Neenah acquisition, neither is likely to be called as a witness in the within action.

Rule 3.7(b), which states that "[a] lawyer may not act as advocate before a tribunal in a matter if . . . (1) another lawyer in the lawyer's firm, is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client," N.Y. Comp. Codes R. & Regs., tit. 22, § 1200.29(b)(1), may arguably be applicable to the within motion. However, whether disqualification is necessary under this Rule would be merely speculative at this point. Accordingly, while disqualification is not currently warranted, should this action not be dismissed, as recommended in the accompanying Report and Recommendation issued this same date, plaintiff is permitted to renew her motion for disqualification when additional facts are available as to relevance and any applicable privileges relating to such testimony.

For the foregoing reasons, plaintiff's motion to disqualify Proskauer pursuant to Rule 3.7 is denied.

IV.     Disqualification on the Ground that Proskauer may be Named as a Defendant

Plaintiff's second ground for disqualification is that she may name Proskauer and/or one or more of its members or employees as defendants in the within action. (Pl.'s Mot. to Disqualify ¶ 30.) However, pursuant to 28 U. S. C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Id. Accordingly, Proskauer is permitted to represent itself, as well as its client, in any action where it is a defendant, in the absence of some inherent conflict or other basis for disqualification. Cf. Bottaro, 680 F.2d at 898 (finding that a plaintiff attorney's law firm could represent both the plaintiff and other parties in the action); Theobald v. Botein, Hays, Sklar & Herzberg, 465 F. Supp. 609, 610 (S.D.N.Y. 1979) ("The statute expressly permits [the defendant law firm] . . . to defend the case by members of its organization, including some who would be called as witnesses. This clear statutory provision cannot be set aside by provisions in codes of professional responsibility . . . .").

At this juncture, the naming of Proskauer as a defendant is mere speculation. Notwithstanding this, merely naming Proskauer as a party does not require the firm's disqualification.

V.    Disqualification on the Ground that Plaintiff may Seek Discovery from Proskauer

Plaintiff further asserts that she intends to "demand discovery [from] members and employees of the Proskauer Rose LLC firm, and the firm itself," (Pl.'s Mot. to Disqualify ¶ 29), and she "will be severely prejudiced if [she] cannot access the members and employees of the firm, and its records," due to Proskauer's invocation of the attorney-client privilege. (Id. ¶ 32.)

However, as Proskauer correctly points out, "Proskauer's role as counsel in this case has no bearing on [the plaintiff's] ability to obtain discovery from the firm." (Def.'s Mem. of Law in Opp'n to Pl. Mot. to Disqualify 8.)

Attorney-client communications between Proskauer and its former client are privileged, and would remain so, regardless of whether Proskauer represents Charterhouse in this action. See Al-Turki v. Fenn, Nos. 90CIV.4470, 89CIV.6217, 1995 WL 231278, at *3 (S.D.N.Y. Apr. 18, 1995) ("Information does not lose its privileged status simply because the attorney-client relationship has terminated."). Conversely, assuming relevance, documents not covered by the attorney-client privilege will be subject to potential disclosure regardless of whether Proskauer is acting as trial counsel for Charterhouse. Therefore, plaintiff's anticipated need to seek discovery from Proskauer fails to serve as a ground for disqualification.

VI.  Disqualification on the Ground of an Appearance of Impropriety

Plaintiff's final argument is that Proskauer should be disqualified under Canon 9 of the ABA Model Code to "avoid even the appearance of impropriety." (Pl.'s Mem. of Law in Supp. of Mot. to Disqualify 2.) "The Second Circuit has repeatedly warned, however, that Canon 9, standing alone, does not warrant attorney disqualification in this Circuit." Bass Pub. Ltd. Co. v. Promus Co. Inc., No. 92-CIV-0969, 1994 WL 9680, at *9 (S.D.N.Y. Jan. 10, 1994) (citing Int'l Elecs. Corp. v. Flanzer, 527 F.2d 1288, 1295 (2d Cir. 1975)) (additional citations omitted). Canon 9 "should not be used promiscuously as a convenient tool for disqualification when the facts simply do not fit within the rubric of other specific ethical and disciplinary rules." Flanzer, 527 F.2d at 1295.

In the present action, the plaintiff fails to demonstrate the "appearance of impropriety" on any of her asserted grounds, discussed supra. "[I]t would be downright perverse to hold that what has been held not to exist nonetheless 'appears.'" Bennett Silvershein Assocs., 776 F. Supp. at 806; see also Adams v. Village of Keesville, No. 8:07-CV-452, 2008 WL 3413867, at *11 (N.D.N.Y. Aug. 8, 2008) ("[T]here is no need to be concerned about other kinds of ethical violations that merely constitute an appearance of impropriety when the proof is 'simply too slender a reed.'") Given that the plaintiff's asserted grounds for disqualification are devoid of substance, merely relying on Canon 9 is insufficient to warrant the disqualification of Proskauer in this action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to disqualify defendant Charterhouse Group International's counsel, Proskauer Rose LLP, is denied.

Defendants' counsel is directed to serve a copy of this Order on plaintiff upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
August 3, 2009

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge