# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————

№ 08-CV-3239 (JFB) (ETB)

———————

MAHIN GABAYZADEH, as Trustee for and of the DIANE GABAYZADEH TRUST,
the DEBORAH GABAYZADEH TRUST, and the JOHN GABAYZADEH U.T.M.A. TRUST,

Plaintiff,

VERSUS

RUSSELL C. TAYLOR, STEVEN C. CATALFAMO,
KIMBERLY-CLARK CORPORATION, CELLU TISSUE HOLDINGS, INC., and
CHARTERHOUSE GROUP INTERNATIONAL, INC.,

Defendants.

———————

**ORDER ADOPTING REPORT & RECOMMENDATION**
September 14, 2009

———————

JOSEPH F. BIANCO, District Judge:

Mahin Gabayzadeh, plaintiff *pro se* (hereinafter, "plaintiff"), who is not an attorney, brought the instant action as a trustee for and of The Diane Gabayzadeh Trust, The Deborah Gabayzadeh Trust, and The John Gabayzadeh U.T.M.A. Trust (collectively, "the trusts"). The action is brought against Russell C. Taylor, Steven C. Catalfamo, Kimberly-Clark Corporation, Cellu Tissue Holdings, Inc., and Charterhouse Group International, Inc. (collectively, "defendants"), pursuant to this Court's diversity jurisdiction, alleging state law claims for fraud and conspiracy to commit civil fraud. In particular, the lawsuit relates to certain alleged fraudulent acts by defendants against American Tissue, Inc. ("ATI") and plaintiff *pro se* asserts that the trusts, which are purportedly shareholders of ATI, have been injured by the fraud.

By motion dated, December 17, 2008, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. By Order dated May 21, 2009, this Court referred the motion to the Honorable Thomas E. Boyle, United States Magistrate Judge, for a Report and Recommendation. By Order dated August 3, 2009, Judge Boyle issued a Report and Recommendation (hereinafter, "R&R"), a copy of which is attached and incorporated herein, recommending that the defendants' motion to dismiss be granted, and that the complaint be dismissed, with prejudice.

For the reasons set forth below, the Court agrees that the complaint should be dismissed, specifically adopting the recommendations that the complaint be dismissed because a non-attorney *pro se* plaintiff cannot represent a trust and, even if the trusts retained counsel, the trusts lack standing to sue derivatively at this juncture as shareholders of ATI because of the pending bankruptcy proceeding, and the lack of approval from the Trustee or bankruptcy court to proceed with a derivative action. Moreover, any request for leave to amend the complaint would be futile until these defects are cured. However, pursuant to Second Circuit authority, the Court concludes that the complaint should be dismissed without prejudice on the above-referenced grounds, rather than with prejudice. Although defendants raised several other grounds for dismissal with prejudice under Rule 12(b)(6) and the Magistrate Judge agreed with those grounds in the R&R, the Court declines to adopt that portion of the R&R and concludes that, given the inability to represent the trusts *pro se* and the lack of standing, the Court should not address these Rule 12(b)(6) arguments at this time, but rather should simply dismiss without prejudice.

I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of a Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *accord Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

The Court has conducted a review of the full record, including, *inter alia*, the complaint, the parties' respective submissions in connection with the defendants' motion to dismiss, as well as the R&R, the applicable law and plaintiff's objections. Having reviewed *de novo* all the portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R's recommendations that the complaint should be dismissed for the reasons set forth below and also concludes that leave to amend would be futile under the current circumstances to resolve the representation issue and the lack of standing. However, the Court declines to adopt the R&R to the extent that it addresses Rule 12(b)(6) grounds and recommends dismissal with prejudice; rather, for the reasons set forth below, the Court concludes that the case should be dismissed without prejudice.

II. DISCUSSION

First, the Court agrees with the R&R's sound conclusion that plaintiff, proceeding *pro se*, does not have any authority to represent the interests of the trusts which she purports to represent. (*See* R&R at 5-6.) It is well-settled that a *pro se* litigant may only represent his or her own interests in federal court, and not the interests of another

2

individual, corporation or other any entity.[1] (*See* R&R at 5-7); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("We have interpreted 28 U.S.C. § 1654, which governs appearances in federal court, to allow two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not permit unlicensed laymen to represent anyone else other than themselves. . . Accordingly, a layperson may not represent a separate legal entity such as a corporation.") (internal citation and quotation marks omitted); *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (holding that "a nonlawyer, such as these purported 'trustee(s) *pro se*' has no right to represent another entity, *i.e.*, a trust, in a court of the United States"). The Court finds as a threshold matter that Magistrate Judge Boyle was correct in determining that the complaint cannot proceed in its current form with plaintiff attempting to represent the trusts of her children *pro se*.

The Court has considered whether to allow plaintiff time to retain counsel before dismissing the complaint without prejudice on the grounds that plaintiff cannot represent the trusts *pro se*. However, dismissal without prejudice is warranted because, even if the plaintiff trusts retained counsel, plaintiffs would have no standing to bring a derivative lawsuit at this juncture for the reasons set forth below.[2]

Neither plaintiff (assuming *arguendo* that she is in fact a shareholder), nor any other properly named and represented shareholder of ATI, currently has proper standing to bring claims for harms to a bankrupt corporation.[3] As the R&R correctly notes, the claims asserted here do not involve alleged harm that was inflicted directly on the shareholders, but was allegedly inflicted on the corporation, and it is "[a]xiomatic that a shareholder has no individual cause of action to recover damages for a wrong against a corporation, even if that shareholder loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation." *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 408 (S.D.N.Y. 2007) (quoting *Elenson v. Wax*, 626 N.Y.S.2d 531, 532 (N.Y. App. Div. 1995)); *Kramer v. Western Pac. Indust., Inc.*, 546 A.2d 348, 351 (Del. 1988) ("[T]o have standing to sue individually, rather than derivatively on behalf of the corporation, the plaintiff must allege more than an injury resulting from a wrong to the corporation."); *In re First Interstate Bancorp Consol. S'holder Litig.*, 729 A.2d 851, 860 (Del. Ch. 1998) ("Absent a showing that the injury was a direct harm to the shareholder and independent of any wrong suffered by the corporation, plaintiff may not proceed with an

---

[1] Plaintiff does not assert any objection to this portion of the R&R, but solely contends that if she is granted leave to file an amended complaint, she would only purport to represent her own interests as an alleged shareholder of American Tissue, Inc. (hereinafter, "ATI"). (*See* Objections to R&R at 4 ("Plaintiff in the First Amended Complaint will appear only in *her name* as the stockholder with her personal stake in the outcome of this lawsuit . . . =") (emphasis in original).) Plaintiff's purported amendment to the caption is discussed *infra*, in the context of adopting the R&R's recommendation that any amendment to the complaint would be futile at this juncture.

[2] For the same reasons, any request for leave to amend the complaint would be futile at this juncture, including any attempt by plaintiff to sue individually as an alleged shareholder of ATI.

[3] Plaintiff did not object to the R&R's finding that amendment of the complaint would be futile insofar as it could not cure existing defects in standing.

3

individual claim.") (citation and quotation marks omitted). Accordingly, to assert claims as a shareholder alleging harm to ATI, plaintiff is required to plead a derivative, rather than direct, cause of action.

However, even if this Court were to liberally construe plaintiff's complaint as asserting a *derivative* rather than direct lawsuit, any properly named and represented shareholder of ATI would not have standing to bring the claims on behalf of ATI as a bankrupt corporation, absent permission from either the trustee or the bankruptcy court. It is well-settled that in bankruptcy, the trustee retains the exclusive right to bring claims on behalf of the bankrupt corporation. *In re RNI Wind Down Corp.*, 348 B.R. 286, 293 (Bankr. D. Del. 2006) (noting that upon filing of a bankruptcy petition, "the right to bring a derivative action asserting such claims vests exclusively to the trustee") (citing *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984)). A limited exception exists to this rule, under which a shareholder may pursue a derivative claim following the commencement of a bankruptcy proceeding, when a trustee abandons an action, or the bankruptcy court orders a trustee to abandon the action. *See Mitchell Excavators,* 734 F.2d at 132 (citations omitted); *see also Hbouss v. Coca-Cola Enters., Inc.*, No. 05-CV-7965 (DLC), 2006 WL 2285598, at *5 (S.D.N.Y. Aug. 9, 2006), *aff'd*, 287 Fed. Appx. 903 (2d Cir. 2008) ("No action may be brought on behalf of the corporation without either trustee's approval or, if the trustee refuses, an order of the bankruptcy court.") In the instant case, however, the plaintiff has not been granted leave by either the trustee or the bankruptcy court to proceed with a derivative lawsuit asserting the claims made in the complaint. In fact, the trustee has reported to the Court, by letter dated July 23, 2009, that it has investigated plaintiff's allegations of fraud and civil conspiracy, and it has determined that it is not worthwhile for the trustee to "join the within action as a plaintiff or in any other capacity" because "the pursuit of such claims is not in the best interests of ATI's bankruptcy estate." (Docket Entry No. 58.) This decision by the trustee not to pursue this claim does not constitute abandonment. *Seinfeld v. Allen*, No. 02-CV-5018 (DLC), 2005 WL 1231644, at *3 n.5 ("A trustee's decision not to pursue a claim does not constitute abandonment."); *accord Gen Dev. Corp. v. Atlantic Gulf Cmtys. Corp.,* 179 B.R. 335, 339 (S.D. Fla. 1995). Accordingly, in order to pursue a derivative lawsuit asserting the claims in the instant case for harm to the corporation, plaintiff is required to seek leave from the currently pending ATI bankruptcy proceeding before the United States Bankruptcy Court for the District of Delaware.[4] *See Mitchell Excavators*, 734 F.2d at 132 (noting that when a company is in bankruptcy, "some proceeding in the bankruptcy court must take place before a shareholder can assert [a derivative] right directly"). Consequently, the Court finds that Magistrate Judge Boyle correctly concluded that any potential amendment would be futile for lack of standing.[5]

The R&R then assumed *arguendo* that counsel was obtained to represent the trusts

---

[4] The bankruptcy proceeding is currently pending under the caption *In re American Tissue, Inc.*, No. 01-10370 (Bankr. D. Del. Sep. 10, 2001).

[5] This Court notes that, even though there was no specific objection to the R&R's dismissal on the grounds that plaintiff *pro se* cannot represent a trust and that the trusts (and plaintiff) have no standing, this Court reaches the same conclusion (for the reasons stated above) even when it reviews those findings and recommendations under a *de novo* standard of review.

4

and recommended that the claims should be dismissed with prejudice because the complaint also failed to allege sufficient facts to support the claims. In particular, the Magistrate Court concluded the following: (1) there were insufficient allegations of fraud under Rule 9(b) of the Federal Rules of Civil Procedure (*see* R&R at 7-10); (2) ATI's bankruptcy proceedings bar this action because it is an impermissible collateral attack of the bankruptcy court's order (*see id.* at 10-11); (3) the statute of limitations bars this action (*see id.* at 11-12); and (4) there were insufficient allegations to support a claim of conspiracy to commit civil fraud. (*See id.* at 12-13.) However, for the reasons set forth below, the Court declines to adopt the R&R's analysis on these issues and declines to adopt the recommendation that the dismissal be with prejudice, rather than without prejudice.

When a non-attorney *pro se* litigant is improperly seeking to represent another entity or individual and/or a particular plaintiff lacks standing to sue, a district court should refrain from addressing the merits of the claim under a Rule 12(b)(6) motion because to do so could potentially prejudice a properly represented party with standing in a subsequent litigation. In the recent decision of *Berrios v. New York City Housing Authority*, 564 F.3d 130 (2d Cir. 2009), the Second Circuit dealt with a situation regarding a *pro se* litigant that is closely analogous to the type of situation at issue in the instant case. In particular, in *Berrios*, the non-attorney uncle of an allegedly incompetent person brought an action against the city housing authority relating to the allegedly incompetent person's application for public housing. *Id.* at 131-32. The district court dismissed the complaint with prejudice *sua sponte* on the grounds that the plaintiffs failed to state a claim upon which relief may be granted. *Id.* at 131. The Second Circuit reversed and held that the district court should have addressed the potential defect in representation first because a court should not reach the merits of a claim if the plaintiff is not properly represented. *Id*. at 132-35. In particular, the Second Circuit explained:

> Where the owner of a claim is a minor or incompetent person, . . . unless that claimant is properly represented by a guardian ad litem, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted.

*Id*. at 135. Thus, the Second Circuit instructed the district court to resolve the representation issue first and, if it determined that the uncle was not a suitable guardian ad litem and "[i]f counsel is not secured or appointed, the court may dismiss the complaint, but without prejudice." *Id*.

Although *Berrios* dealt with representation of an allegedly incompetent person (which is not the situation here), its analysis applies with equal force to the instant case. As discussed above, because Ms. Gabayzadeh is not an attorney, she cannot represent the trusts.[6] All of the other grounds raised by

---

[6] The Court notes that the plaintiff made an application to the Court to appoint counsel, which was denied without prejudice on August 17, 2009. (*See* Docket Entry No. 66.) The Court finds that appointment of counsel remains unwarranted at this juncture, because, as discussed *supra*, even if the representation issues were resolved, the trusts presently lack standing to bring a derivative claim on behalf of ATI as a bankrupt corporation. Accordingly, the threshold requirement for

5

defendants for dismissal based upon a failure to state a claim – including insufficient pleadings under Rule 9(b), statute of limitations, and *res judicata* based upon a prior bankruptcy order – would be considered under Rule 12(b)(6). *See, e.g., Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . ."); *Calemine v. Gesell*, No. 06 CV 4736 (SJ) (RM), 2007 WL 2973708, at *1 n.1 (E.D.N.Y. Sept. 28, 2007) ("Though Defendants move pursuant to Rule 12(b)(1) and 12(b)(6) for failure to state a claim, the grounds for their motion, *res judicata* and statute of limitations, are both properly considered under Rule 12(b)(6)."). However, this Court refrains from addressing these issues, which could result in a dismissal with prejudice (with *res judicata* effect) for the trusts, which are not properly represented, and for a plaintiff who currently lacks standing.[7] Instead, the Court will dismiss the lawsuit without prejudice and leave those issues for another lawsuit, if the threshold procedural/standing defects are ever resolved. If the trusts cure the standing defect and decide to re-institute the lawsuit with representation by counsel, then the defendants can file a motion to dismiss under Rule 12(b)(6) on the alternative grounds and, after full briefing on both sides, the Court will be in

---

appointment of counsel pursuant to the *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) is not satisfied, and, in any event, the other factors do not favor appointment of counsel under the circumstances of this case.

[7] The Court also notes that, if the failure to plead fraud with particularity under Rule 9(b) were the sole basis for dismissing the complaint, the Court would grant leave to the *pro se* plaintiff to submit an amended complaint with more particularized allegations of fraud, as plaintiff requests in her objection the R&R. (*See* Objections to R&R at 5-8); *Shelton v. Trs. of Columbia Univ.*, No. 06-CV-0664, 2007 WL 1492845, at *1 (2d Cir. May 23, 2007) (summary order) ("Where dismissal is based on a pro se plaintiff's failure to comply with pleading conventions, a district court 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)); *see also Giardina v. Nassau County*, No. 08-CV-2007 (JFB), 2009 WL 910386, at *13 (E.D.N.Y. Mar. 31, 2009) (granting leave to *pro se* plaintiff to submit amended complaint to cure deficiencies in pleadings). Similarly, with respect to the issue regarding the collateral bankruptcy order, plaintiff correctly points out that the Second Circuit has noted that the issue of whether *res judicata* would bar a collateral attack on a bankruptcy ordered sale in the context of allegations of fraud is both "difficult" and "important," because on one hand, the Circuit is concerned with "severely limit[ing] the recourse available to plaintiffs who uncover a fraud more than a year after [a bankruptcy sale]," but that applying an exception "could open up the floodgates to future litigation attacking the final orders of sale in bankruptcy court proceeding, a forum where finality of court orders is particularly important." *In re Lawrence*, 293 F.3d 615, 621 (2d Cir. 2002). In this context, where the trusts are not properly represented and without standing, there exists an adequate, independent ground to resolve the motion, and the Court therefore finds it prudent to avoid this unsettled question of law in the instant case. *See id.* at 622 (avoiding the issue of whether *res judicata* bars collateral attacks on bankruptcy court orders approving sales of assets where fraudulent concealment is alleged, based upon the existence of alternative independent grounds to resolve appeal).

6

a proper position to address the merits of the motion.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R's recommendation that plaintiff's complaint be dismissed because a *pro se* plaintiff cannot represent the trusts and, even if the trusts retained counsel, the trusts (and even plaintiff individually as a shareholder) lack standing to sue (as shareholders of ATI) at this juncture because of pending ATI bankruptcy proceeding, and the lack of approval from the trustee or bankruptcy court to proceed with a derivative action. Moreover, any request for leave to amend the complaint would be futile until these defects are cured. However, the Court concludes that the dismissal should be *without prejudice*. Accordingly, the Court declines to adopt the alternative grounds for dismissal with prejudice identified by the Magistrate Court. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: September 14, 2009
Central Islip, New York

\* \* \*

The plaintiff appears *pro se*. The attorneys for defendants Russell C. Taylor and Cellu Tissue Holdings, Inc. are Ann Marie Cook, Esq., Jeffrey S. Cashdan, Esq. and Robert D. Stonebraker, Esq. of King & Spalding, 1185 Avenue of the Americas, New York, NY 10036. The attorney for defendant Steven C. Catalfamo is Robert P. McNally, Esq. of Stafford, Carr & McNally, P.C., 175 Ottowa Street, Lake George, NY 12845. The attorneys for defendant Kimberly-Clark Corporation are Andrew G. Klevorn, Esq. and Chad J. Doellinger, Esq. of Eimer Stahl Kelvorn & Solberg, L.L.P., 224 South Michigan, Suite 1100, Chicago IL 60604 and Matthew T. McLaughlin, Esq. and Gregory W. Gilliam, Esq. of Venable LLP, 1270 Avenue of the Americas, 25th Floor, New York, NY 10020. The attorneys for defendant Charterhouse Group International, Inc. are Peter J.W. Sherwin, Esq. and Joanna F. Smith, Esq. of Proskauer Rose LLP, 1585 Broadway, New York, NY 10036.